1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    CHUCK HICKMAN, et al.,                    CASE NO. CV F 07-1241 LJO DLB

10              Plaintiffs,              **ORDER ON DEFENDANTS' MOTION
                                         FOR SUMMARY JUDGMENT**

11        vs.

12   CITY OF MODESTO, JAMMIE
     DEMMINGS,

13
                Defendants.
14   _____/

15        Defendants City of Modesto ("City") and police officer Jammie Demmings ("Officer

16   Demmings")[1] move for summary judgment, or in the alternative partial summary pursuant to

17   Fed.R.Civ.P. 56.  Plaintiffs Chuck Hickman ("plaintiff") and Karen Hickman ("Karen") filed an

18   opposition to the motion on July 6, 2009.  Defendants filed a reply brief on July 7, 2009.  Pursuant to

19   Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument.  Therefore, the

20   hearing set for July 20, 2009 is VACATED.  Having considered the moving, opposition, and reply

21   papers, as well as the Court's file, the Court issues the following order.[2]

22   _____

23        [1] The Complaint spells Officer Demmings name as "Jammie Demmings."  In his declaration, Officer Demmings
     spells his name as "Jamie Demings."  (Doc. 10-3, Demings Declaration.)  For purposes of this motion challenging the
24   Complaint, the Court adopts the Complaint's spelling of defendant's name as "Jammie Demmings," despite the incorrect
     spelling.  There is no dispute that the two spellings refer to the same individual, Jamie Demings who is an officer with the
25   City of Modesto Police Department.

26        [2]This Court carefully reviewed and considered all arguments, points and authorities, declarations, testimony,
     statements of undisputed facts and responses thereto, objections and other papers filed by the parties.  Omission of reference
27   to an argument, document, objection or paper is not to be construed to the effect that this Court did not consider the argument,
     document, objection or paper.  This Court thoroughly reviewed, considered and applied the evidence it deemed admissible,
28   material and appropriate for summary judgment.  This Court does not rule on objections in a summary judgment context.

                                         1

**FACTUAL BACKGROUND**

As alleged in the Complaint, plaintiff Chuck Hickman lives with his invalid wife, plaintiff Karen Hickman, and is her caretaker.  Plaintiff alleges that Officer Demmings came to plaintiffs' home on or about February 19, 2004 along with two social workers. (Doc. 1-3, Complaint ¶9.) Plaintiff alleges that Officer Demmings and the social works were to check on Chuck Hickman's health and safety.

Plaintiff alleges Officer Demmings knocked on plaintiff's door and when Chuck Hickman opened the door, Officer Demmings refused to identify himself.  (Doc. 1-3, Complaint ¶13.)  Officer Demmings then pulled a gun on plaintiff and demanded that plaintiff drop the flashlight plaintiff was holding. (Doc. 1-3, Complaint ¶14.) The three persons at plaintiff's door refused to identify themselves, and plaintiff tried to close the front door.  Officer Demmings broke through the front door and attacked plaintiff from behind, and beat plaintiff around the head, shoulder and arms. (Doc. 1-3, Complaint ¶9.) Plaintiff was forced into a submissive position with Officer Demmings sitting on him and was then handcuffed.  (Doc. 1-3, Complaint ¶9.)  Additional officers arrived, but plaintiff was not arrested or removed from his home.  As a result of the attack, plaintiff alleges he suffered physical and emotional damage.  (Doc. 1-3, Complaint ¶19.)

Plaintiffs assert the following claims for relief:

1. Violation of Civil Rights, 42 U.S.C. §1983 as to plaintiff Chuck Hickman;

2. Assault and Battery as to plaintiff Chuck Hickman;

3. Intentional Infliction of Emotional Distress as to plaintiff Chuck Hickman; and

4. Loss of Consortium as to plaintiff Karen Hickman.

Defendants argue that the incident alleged in the complaint did not occur.  A similar incident occurred on a different day and with a different police officer.  Defendants present evidence that Officer Jammie Demmings was not involved in the altercation at plaintiffs' home and arrived after plaintiff had been handcuffed.  Defendants present evidence that a different police officer, Officer Robert Gumm, responded to a call and participated in the incident alleged in the Complaint.

/////

/////

/////

2

# ANALYSIS AND DISCUSSION

**A.      Summary Judgment Standard**

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact." F.R.Civ.P. 56( c); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985).   The criteria of "genuineness" and "materiality" are distinct requirements. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   The requirement that an issue be "genuine" relates to the quantum of evidence the Plaintiff  must produce to defeat the defendant's summary judgment motion.   There must be sufficient evidence "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

"As to materiality, the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248.   "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial," and in such circumstances, summary judgment should be granted "so long as whatever is before the . . . court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56( c), is satisfied." *Celotex Corp. v. Catarett*, 477 U.S. 317, 322 (1986).   "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quoting F.R.Civ.P. 56(e)).

Alternatively, the moving party may carry its initial burden on summary judgment by "showing" the opposing party lacks sufficient evidence to carry its ultimate burden of persuasion at trial; i.e., it does not have evidence from which a jury could find an essential element of the opposing party's claim or defense. *Celotex Corp. v. Catrett*,477 US 317, 325, 106 S.Ct. 2548, 2554 (1986) ("A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.   It is sufficient that "the claimed factual dispute be shown to

3

require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)*; T.W. Elec. Serv.*, 809 F.2d at 631.  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matasushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).  The opposing party's evidence is to be believed and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) ("Rule 56( c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Nissan Fire*, 210 F.3d at 1103; *see Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.  "The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

**B.      Absence Of Direct Participation by Officer Demmings**

Officer Demmings argues that he did not participate in any actions which potentially violated plaintiffs' Constitutional rights.  He argues that it is undisputed that he was not present at the Hickman residence on February 19, 2004.  He was not the officer who went to the Hickman residence. In short, plaintiffs named the wrong officer in their §1983 claim.

Section 1983 provides in pertinent part:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

4

1   "Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

2   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the

3   claimant of some right, privilege, or immunity protected by the Constitution or laws of the United

4   States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).  "Section 1983 creates a cause of action

5   based on personal liability and predicated upon fault; thus, liability does not attach unless the individual

6   defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th

7   Cir. 1996), *cert. denied*, 520 U.S. 1230, 117 S.Ct. 1822 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045

8   (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by

9   the defendant.")  "The inquiry into causation must be individualized and focus on the duties and

10   responsibilities of each individual defendant whose acts or omissions are alleged to have caused the

11   constitutional deprivation." *Leer*, 844 F.2d at 633.

12   A plaintiff cannot hold an officer liable "because of his membership in a group without a

13   showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th

14   Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)).  A plaintiff must "establish the

15   'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935.

16   "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a

17   constitutional violation." *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).  Integral

18   participation requires "some fundamental involvement in the conduct that allegedly caused the

19   violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481, n. 12 (9th Cir. 2007).  "A person

20   'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he

21   does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he

22   is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

23   F.2d 740, 743 (9th Cir. 1978).

24   Officer Demmings presents evidence he was not involved in any incident on February 19, 2004.[3]

25   He presents evidence that he was a back-up officer who answered a call for emergency assistance by

26

27   ───────────────

[3] The parties dispute whether the incident which is the subject of the Complaint occurred on February 11 or 19, 2004.  For purposes of resolving the claim under 42 U.S.C. §1983 and the state law claims, this Court finds the factual dispute does not create a disputed material issue of fact.  The date of the incident is irrelevant to resolution of the motion.

28

1  Officer Robert Gumm.  (Doc. 10-3, Demmings Decl. ¶3.)  Officer Gumm was handling a call at that

2  location.  When Officer Demmings arrived, Mr. Hickman was handcuffed already and was not resisting

3  Officer Gumm. (Doc. 10-3, Demmings Decl. ¶4.)  Officer Gumm also presents evidence that he was the

4  officer who responded to a call at plaintiffs' residence, not Officer Demmings. (Doc.10-3, Gumm Decl.)

5  Other evidence by the Custodian of Records for the City of Modesto indicates that the call was

6  responded to by Officer Gumm and not by Officer Demmings.  (Doc.10-3, Fuzie Decl.)

7      Plaintiff offers no competent evidence that the officer who entered his home was Officer

8  Demmings.  Plaintiff does not offer any discovery responses, deposition testimony or other evidence to

9  support his claim that Officer Demmings was the officer involved in the incident at plaintiffs' home.

10  The sole evidence presented is Plaintiff Chuck Hickman's statement in his declaration that Sargent

11  Campbell of the Modesto Police department told plaintiff the officer was Jammie Demmings.  (Doc. 17,

12  Hickman Decl. ¶31.)  No other evidence is presented that the officer involved was defendant Jammie

13  Demmings.  Plaintiff does not argue how Sargent Campbell is competent to know or authorized to make

14  the statement.  Plaintiff fails to establish the foundation upon which Sargent Campbell had the requisite

15  knowledge to identify the officers involved.  Plaintiff fails to identify how the statement was within the

16  scope of Sargent's Campbell's agency or employment or that Sargent Campbell was authorized to make

17  the statement.  Fed.R.Evid 801(d)(2)( C) and (D).  Without more, this evidence is insufficient to raise

18  an issue of fact from which a reasonable jury could conclude that Officer Demmings was involved in

19  the incident described in the complaint.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249, 106 S.Ct. at

20  2511 (summary judgment may be granted if opposing party's evidence "is not significantly probative").

21  **C.    City's Liability for Civil Rights Violations under 42 U.S.C. §1983**

22      The City of Modesto argues that it is named as a defendant in its capacity as the employer of

23  Officer Jammie Demmings.  Since Officer Demmings did not commit any constitutional violation, the

24  City is not liable.  Further, the City argues that plaintiff cannot prove municipal liability on the part of

25  the City by showing any policy, practice or custom of the defendant.

26      Whether the City is liable for constitutional violations turns on the standards established in the

27  seminal case of *Monell v. Department of Social Services*.  A local government unit may not be held

28  liable for the acts of its employees under a respondeat superior theory.  *Monell v. Department of Social*

*Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). "[A] local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or actions may fairly be said to represent official policy, includes the injury that the government as an entity is responsible under §1983." *Monell,* at 98 S.Ct. 2038. Thus, the City cannot be liable for the conduct of the police officer solely on the basis of respondeat superior. Plaintiff must show that the police officer's conduct represents City policy. *See City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1989) (inadequate police medical training representing a city policy may serve as basis for §1983 case); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton*, 489 U.S. at 385; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986). To maintain a section 1983 claim against a local government, a plaintiff must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Monell*, 436 U.S. at 691-694, 98 S.Ct. 2018.

Here, defendant City argues that plaintiffs have failed to allege in the Complaint that the City maintained any specific custom or policy upon which §1983 liability may be found. Defendant argues that plaintiff failed to conduct any discovery in the case, and therefore, plaintiffs have no evidence of any policy, custom or practice upon which liability may be based.

Indeed, plaintiffs do not present any evidence of a custom, policy or practice which injured plaintiffs. Plaintiffs' sole evidence is that the incident occurred at the Hickman home and caused Chuck Hickman damage. Plaintiffs present no evidence of any custom, policy or practice which could potentially be a constitutional violation. Therefore, plaintiffs did not carry their burden of showing a triable issue of fact as to the claim for violation of civil rights against the City.

1    Plaintiff cannot establish a civil rights violation from the isolated acts at the residence.  Proof

2    of random acts or isolated events are insufficient to establish custom, policy or practice. *Thompson v.*

3    *City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).  "Only if a plaintiff shows that his injury

4    resulted from a "permanent and well-settled" practice may liability attach for injury resulting from a

5    local government custom." *Id.* at 1444 ("the district court properly dismissed this portion of Thompson's

6    § 1983 action as he alleged no facts which suggested that the alleged constitutional deprivation occurred

7    as the result of County policy or custom.")  "To the extent that we have recognized a cause of action

8    under § 1983 based on a single decision attributable to a municipality, we have done so only where the

9    evidence that the municipality had acted and that the plaintiff had suffered a deprivation of federal rights

10   also proved fault and causation."  *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S.

11   397, 405, 117 S.Ct. 1382 (1997).  Plaintiff does not raise an issue of fact that a custom, policy or practice

12   resulted in the violation of civil rights from the isolated act at the residence.

13   **D.      State Tort Claim Requirements**

14       Plaintiffs have alleged state law claims of Assault and Battery, Intentional Infliction of Emotional

15   Distress and Loss of Consortium as to plaintiff Karen Hickman.  Defendants argue that Officer

16   Demmings was not present at the events at the Hickman residence and thus cannot be liable for conduct

17   which did not occur.  The City argues plaintiffs have failed to comply with the California Tort Claims

18   Act.

19           **1.      State Law Claims against Officer Demmings**

20       As discussed above, there is no evidence from which a reasonable jury could conclude that

21   Officer Demmings was involved in the acts at plaintiffs' residence.  Since there is no evidence that

22   Officer Demmings was involving in any of the acts alleged in the complaint to have caused injury,

23   summary judgment as to Officer Demmings is appropriate.

24           **2.      State Law Claims against the City of Modesto**

25       The City of Modesto contends that plaintiffs' tort causes of action (second through fourth) fail

26   to allege a necessary statutory basis for the City's direct tort liability.  The City notes that plaintiffs' tort

27   causes of action fail to identify a statutory basis to find the County "directly liable under tort principles."

28   In addition, the City argues that since defendant Officer Demmings is not liable to any acts, the City

8

1    cannot be liable.

2         The California Tort Claims Act, Cal. Gov. Code, §§ 810, et. seq., does not provide that a public

3    entity is liable for its own conduct or omission to the same extent as a private person or entity. *Zelig v.*

4    *County of Los Angeles*, 27 Cal.4th 1112, 1128, 119 Cal.Rptr.2d 709, 722 (2002).   California

5    Government Code section 815(a) provides that a "public entity is not liable for an injury, whether such

6    injury arises out of an act or omission of the public entity or a public employee or any other person,"

7    "[e]xcept as otherwise provided by statute."   Certain statutes provide expressly for public entity liability

8    in circumstances that are somewhat parallel to the potential liability of private individuals and entities,

9    but the Tort Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental

10   entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v.*

11   *Poway Unified School Dist.*, 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679 (1993); *see Michael J. v. Los*

12   *Angeles County Dept. of Adoptions*, 201 Cal. App.3d 859, 866, 247 Cal.Rptr. 504  (1988) ("Under the

13   Act, governmental tort liability must be based on statute; all common law or judicially declared forms

14   of tort liability, except as may be required by state or federal Constitution, were abolished.")

15        A court first determines whether a statute "imposes direct liability" on a defendant public entity.

16   *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1111, 16 Cal.Rptr.3d 521, 547 (2004).  "[D]irect

17   tort liability of public entities must be based on a specific statute declaring them to be liable, or at least

18   creating some specific duty of care, and not on the general tort provisions of [California] Civil Code

19   section 1714." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183, 80 P.3d 656

20   (2003).  "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the

21   general rule that statutory causes of action must be pleaded with particularity is applicable." *Lopez v.*

22   *So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795, 221 Cal.Rptr. 840 (1985).  Thus, "to state a cause of

23   action against a public entity, every fact material to the existence of its statutory liability must be pleaded

24   with particularity." *Peter W. v. San Francisco Unified Sch. Dist.,* 60 Cal.App.3d 814, 819,131 Cal.Rptr.

25   854 (1960)*.*

26         Plaintiffs appear to acknowledge that the City is not subject to direct liability for plaintiffs' tort

27   (second through fourth) causes of action.  Plaintiffs point to no statute which declare the City liable or

28   to create a specific duty of care to subject the City to direct tort liability.  As such, summary judgment

1   is appropriate as to second through fourth causes of action.

2       **3.      Claim Form Filing Requirements**

3       Defendants note that although the complaint alleges claims based upon California state law, such

4   potential claims are barred for failure to present a timely state tort claim which complies with the

5   California Tort Claims Act, Cal. Gov. Code, §§ 810, et seq.

6       The California government claims statutes require timely filing of a proper claim as condition

7   precedent to maintenance of an action.  Cal. Gov. Code, §§ 905, 911.2, 945.4 (presentment of a written

8   claim to the applicable public entity is required before a "suit for money or damages may be brought

9   against a public entity"); *County of San Luis Obispo v. Ranchita Cattle Co.*, 16 Cal.App.3d 383, 390,

10  94 Cal.Rptr. 73 (1971).  California Government Code section 911.2(a) provides: "A claim relating to

11  a cause of action for death or for injury to person . . . shall be presented . . . not later than six months

12  after the accrual of the cause of action.  A claim relating to any other cause of action shall be presented

13  . . . not later than one year after the accrual of the cause of action."  Government Code § 945.6(a)(1)

14  requires a claimant to file a civil action within six months after the public agency issues its decision.

15  *Javor v. Taggart*, 98 Cal.App.4th 795, 804, 120 Cal.Rptr.2d 174 (2002).

16      The claims procedures applicable to actions against public employees are the same for actions

17  against public entities.  Cal. Gov. Code, §§ 950-950.6.  Compliance with the claims statutes is

18  mandatory. *Farrell v. County of Placer*, 23 Cal.2d 624, 630, 145 P.2d 570 (1944).  Failure to file a claim

19  is fatal to the cause of action.  *Johnson v. City of Oakland*, 188 Cal.App.2d 181, 183, 10 Cal.Rptr. 409

20  (1961).  "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation

21  requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."

22  *State v. Superior Court,* 32 Cal.4th 1234*,* 13 Cal.Rptr.3d 534, 538 (2004).

23      Defendants argue that the claim was untimely and the scope of the claim was improper.

24  Defendants argue the plaintiffs failed to timely file a claim with the City of Modesto.  The tort claim was

25  filed on August 1, 2004, which is 183 days after the events of February 11, 2004, and beyond the six

26  months.  Defendants argue that the claim was not specific enough because it identified the wrong date

27  for the incident, February 19, 2004 rather than February 11, 2004.  In addition, the claim identified the

28  incident was the result of action by Officer Demmings.  Defendants argue that the tort claim filed with

1   the City of Modesto alleged different acts by different people on a different date from the incident of

2   February 11, 2004.  Plaintiffs argue that the claim form is timely and sufficiently detailed to put the City

3   on notice of the alleged violation.

4        Here, the Court finds it unnecessary to address the timeliness or adequacy of the claim form filed

5   by plaintiff with the City of Modesto.  The Court finds that summary judgment is appropriate as to all

6   claims as to all defendants without deciding the timeliness and adequacy issues.

7   **E.       Request to Amend Complaint**

8        Plaintiffs ask the Court to permit them to amend the complaint to name the correct party.

9   Plaintiffs summarily argue that defendants will not be prejudiced from amendment because they have

10  had a full and fair opportunity to proceed in this action.  (Doc. 13, Opposition.)  Defendants oppose any

11  amendment to the complaint.

12       F.R.Civ.P. 15(a)(2) provides that under the circumstances at hand "a party may amend its

13  pleading only with the opposing party's written consent or the court's leave.  The Court should freely

14  give leave when justice so requires."  Granting or denial of leave to amend rests in the trial court's sound

15  discretion and will be reversed only for abuse of discretion.  *Swanson v. United States Forest Service,*

16  87 F.3d 339, 343 (9th Cir. 1996).  In exercising discretion, "a court must be guided by the underlying

17  purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities."

18  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

19       In this case, however, a scheduling order has been entered establishing deadlines for pretrial

20  proceedings and trial.  Defendants argue that to amend the complaint is untimely, and governed by

21  F.R.Civ.P. 16's "good cause" standard.  Defendants note the passing of the July 1, 2009 date for the

22  filing of pretrial motions, such as a motion for leave to amend a complaint.

23       Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish

24  deadlines for, among other things, to "complete discovery" and "file motions."  Scheduling orders may

25  also include "dates for pretrial conferences and for trial."  F.R.Civ.P. 16(b)(3)(B)(v).  "A schedule may

26  be modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  The scheduling

27  order "controls the course of the action unless the court modifies it."  F.R.Civ.P. 16(d).

28       Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15,

18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Defendants correctly complain of plaintiffs' untimeliness and delay until summary adjudication opposition to seek to amend the Complaint. Plaintiffs make no attempt to demonstrate good cause to permit amendment given their silence as to diligence. The Court agrees with defendants that plaintiffs seek belated amendment to attempt to name correctly defendants who could have been discovered long ago. This action was removed to this Court on August 24, 2007. Discovery closed on September 5, 2008, the pretrial conference is set for August 26, 2009 and trial is October 5, 2009. Plaintiffs' request to amend reflects carelessness in ignoring the July 1, 2009 deadline to file a motion for the relief which plaintiffs cavalierly seek mere weeks prior to trial and long after the close of discovery. In the absence of facts that plaintiffs could not have foreseen a need to amend, plaintiffs lack good cause for their request.

/////

1

## CONCLUSION AND ORDER

2

For the reasons discussed above, this Court:

3

1.    GRANTS defendants City of Modesto and Jammie Demmings summary judgment on

4

all claims asserted by plaintiffs Chuck Hickman and Karen Hickman; and

5

2.    DIRECTS the clerk to enter judgment against plaintiff Chuck Hickman and Karen

6

Hickman and in favor of defendants City of Modesto and Jammie Demmings.

7

8    IT IS SO ORDERED.

9    **Dated:    July 8, 2009**                          _____/s/ Lawrence J. O'Neill_____
                                                        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28